IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

DAVID LEE BENN,

                Plaintiff

    VS.

CATHY MINISH, *et al.*,

                Defendants

NO. 3:06-CV-32 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is the defendants' motion seeking summary judgment against plaintiff DAVID LEE BENN in the above-styled case. Tab #19. Attached to the motion is a supporting brief; also in the record are a Statement of Undisputed Material Facts (Tab #20) and medical records and affidavits (Tab #21). The plaintiff has responded to the motion, to which the defendants replied, and the plaintiff filed an additional response. Tabs #23, #24, and #25.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); **Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, **the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution**. *See **Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

# FACTS

As noted above, while all evidence must be viewed in the light most favorable to the non-moving party, plaintiff Benn herein, that party cannot rest on his pleadings but must make a showing of a dispute of fact by submitting evidence in the record in support of his contentions. However, plaintiff has failed to provide **any** evidence in this case; thus, the court must view the facts as presented by the defendants as uncontroverted. Those facts establish that plaintiff Benn suffered a scraped knee when as he fell out of a vehicle which was transporting him to court for trial. The evidence also shows that he was treated adequately for his injuries.[2]

# DISCUSSION

> [D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. Therefore, summary judgment must be granted for the defendant official unless the plaintiff presents evidence of the official's subjective knowledge, as follows: since a finding of deliberate indifference requires a finding of the defendant's subjective awareness of the relevant risk, a genuine issue of material fact exists only if the record contains evidence, albeit circumstantial, of such subjective awareness.

*McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (internal punctuation and citations omitted).

Plaintiff BENN in the instant case has failed to create a question of fact against **ANY** defendant as to **ANY** of the factors set forth in *McElligott*.

---

[2] Plaintiff Benn claims that he suffers from a "back injury and pinched nerve," but he has not provided *any* evidence in support of his claim. Moreover, even if his lay diagnosis analysis were true, he has not shown (1) that those injuries are objectively serious or (2) that any of the defendants had any subjective knowledge of the severity of the injury, as required in order to state a claim for §1983 relief.

## CONCLUSION

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #19) be GRANTED.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 24th day of JULY, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE